**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DONALD R. TURNER, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-00268 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Donald Turner, Jr.'s amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 27).[1] The motion is fully briefed and ready for disposition. For the following reasons, Turner's motion is denied.[2]

### I.     Background[3]

On August 18, 2011, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a 21-count indictment against Turner and multiple other defendants, charging them with various violations, including conspiracy, related to the distribution of, or possession with intent to distribute, cocaine base. On March 28, 2013, a superseding indictment was issued adjusting the charges for trial. Turner and two other co-defendants proceeded to trial on April 8,

---

[1] The amended petition is the operative complaint in this matter; therefore, the original petition (Doc. No. 1) is denied as moot.

[2] Because Turner's motion can be conclusively determined based on the motion, files and records of the case, an evidentiary hearing need not be held. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

[3] The underlying criminal proceedings can be found at United States v. Turner, Case No. 1:11-cr-00103-JAR-8.

2013. The jury returned its verdict on April 12, 2013, finding each defendant guilty of all pending charges.

A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. In Turner's PSR, the base offense level was 38 pursuant to U.S.S.G. § 2D1.1(c)(1), as the offense involved more than 8.4 kilograms of cocaine base. Turner qualified as a career offender, which imposes an offense level of 37; however, as the applicable offense level (38) is greater than the offense level for a career offender, the offense level remained 38. Turner's criminal history category was VI. Thus, the guideline range of imprisonment was 360 months to life. However, the statutorily authorized minimum sentences are greater than the maximum of the applicable guideline range; therefore, the guideline term of imprisonment is life. U.S.S.G. § 5G1.2(b).

On July 11, 2013, the Court sentenced Turner to a mandatory term of life imprisonment on Count I (Conspiracy to Possess 5 Kilograms or More of a Mixture or Substance Containing Cocaine with Intent to Distribute) and concurrent terms of 360 months on Counts IV (Aiding and Abetting the Distribution of a Mixture or Substance Containing Cocaine Base) and VI (Distribution of a Mixture or Substance Containing Cocaine). Turner appealed his conviction and sentence, and the Eighth Circuit affirmed. United States v. Turner, 781 F.3d 374 (8th Cir. 2015). His request for rehearing en banc was denied on July 7, 2015, and his request for certiorari review by the United States Supreme Court was also denied, Turner v. United States, 136 S. Ct. 280 (2015).

In his amended motion, Turner alleges eight grounds for relief:

(1) Trial counsel was ineffective for failing to object to the superseding indictment on the grounds that it fails to charge an essential element of conspiracy, i.e., that he "knowingly and intentionally joined" the conspiracy (Doc. No. 27-1 at 2-7);

(2) Trial counsel was ineffective for failing to object to the Government's failure to charge facts essential to increasing his punishment under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013) (<u>id</u>. at 7-11);

(3) Appellate counsel was ineffective for failing to argue there was insufficient evidence upon which to convict Turner at trial and instead arguing – frivolously – that the Government's witnesses were not credible (<u>id</u>. at 11-17);

(4) Appellate counsel was ineffective by failing to raise the issue of the lack of an instruction on multiple conspiracies (<u>id</u>. at 17-22);

(5) Appellate counsel was ineffective for failing to correct testimony that Turner claims was perjurious at trial (<u>id</u>. at 22-29);

(6) Appellate counsel was ineffective for failing to raise "viable issues" on appeal, namely that the evidence was insufficient to convict Turner on Counts IV and VI (<u>id</u>. at 29-34);

(7) Trial counsel was ineffective for failing to investigate the case thoroughly and present exculpatory evidence, namely the testimony of co-defendant David Turner (<u>id</u>. at 35-36), and for failing to request a Pinkerton Instruction for the jury (id. at 36-38); and

(8) Turner's due process rights were violated when he was classified as a recidivist offender under 21 U.S.C. § 841 – by and through the misapplication of the categorical approach (<u>id</u>. at 39-65).

Turner has also supplemented his amended motion with two additional grounds for relief based on claims of actual innocence. (Doc. No. 30-1 at 1-11; Doc. No. 35 at 1-6).[4]

## II.     Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

---

[4] Turner filed an additional supplemental issue on February 19, 2020. (Doc. No. 32). As noted by the Government, this additional supplemental issue appears to be identical to Turner's Supplemental Issue Nine, which raises a claim of actual innocence. The Government has responded to all issues raised.

In order to obtain relief under § 2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006); United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. United States v. Cronic, 466 U.S. 648, 658 (1984); United States v. White, 341 F.3d 673, 678 (8th Cir. 2003).

To prevail on an ineffective assistance of counsel claim, a criminal defendant must first show counsel's performance "fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 690, 694. Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005).

### III.    Discussion

**Ground One**

In Ground One, Turner argues that the superseding indictment alleging that he "did knowingly and intentionally combine, conspire, confederate and agree" to commit the offense of possession with intent to distribute was defective because it did not include the essential element that he "knowingly or intentionally joined" an existing conspiracy. Turner focuses his challenge

on the absence of the word "join" in the superseding indictment, arguing that as a result, he was not put on notice of the charges and thus prevented from mounting an effective defense. Specifically, Turner intended to introduce evidence that he was incarcerated in 2009 on unrelated charges and therefore could not have been involved in the formation of a conspiracy with his co-defendants.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.' " United States v. Summers, 137 F.3d 597, 601 (8th Cir. 1998) (quoting United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993)). Further, an indictment is normally deemed sufficient if its language tracks the statutory language. Hamling v. United States, 418 U.S. 87, 117 (1974). "It is only in a rare case … that the validity or sufficiency of an indictment or information is subject to collateral attack by habeas corpus or under § 2255. Roth v. United States, 295 F.2d 364, 365 (8th Cir. 1961).

Count I of the superseding indictment alleges that:

> [I]n and around October 2009, through August 3, 2011 . . . [Movant and others] did knowingly and intentionally combine, conspire, confederate and agree with each other and persons known and unknown to the Grand Jury, to knowingly and intentionally distribute 5 kilograms or more of cocaine hydrochloride, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code §§ 84(a)(1) and 846, and punishable under Title 21, United States Code § 841(b)(1)(A).

United States v. Turner, Case No. 1:11-cr-00103-JAR-8, Doc. No. 1004. The statutory authority for that charge is set forth below:

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally –

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841(a).

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

Here, the superseding indictment contains all of the essential elements of the offense and tracks the language of the statute, and thus fairly informed Turner of the charges against him. The superseding indictment is legally sufficient, and his counsel was not ineffective for failing to object to it. Anderson v. United States, No. 4:18 CV1082 RWS, 2019 WL 1157410, at *3 (E.D. Mo. Mar. 13, 2019) (holding that counsel's failure to raise a meritless argument cannot constitute ineffective assistance). The claim in Ground One is therefore denied.

**Ground Two**

In Ground Two, Turner asserts his trial counsel was ineffective for failing to object to the Government's failure to charge facts essential to increasing his punishment under Alleyne v. United States, 570 U.S. 99, 117 (2013). In Alleyne, the Supreme Court held that a fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be submitted to a jury. Turner argues that the Government presented evidence of overt acts, namely eighteen uncharged drug transactions, as proof of the conspiracy and that because these

transactions were not charged in the superseding indictment or referenced in the conspiracy count, they fell outside the scope of the charge.

This argument is without merit. The evidence of the overt acts was relevant and admissible on the existence and scope of the conspiracy but it was not an element of the offense. An element of a crime is one of a set of facts that must all be proven to convict a defendant of a crime, whereas overt acts, i.e., acts carried out in furtherance of a crime, do not. The elements of a conspiracy to distribute a controlled substance are that (1) there was a conspiracy, that is, an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) the defendant intentionally joined the conspiracy. See United States v. Mallett, 751 F.3d 907, 915 (8th Cir. 2014). As the Government aptly points out, 21 U.S.C. § 846 does not require submission or proof of overt acts to sustain a conspiracy conviction thereunder. United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991) (citing United States v. Covos, 872 F.2d 805, 809-10 (8th Cir. 1989)). Ground Two will be denied.

**Ground Three**

In Ground Three, Turner claims his counsel was ineffective on appeal for focusing on the credibility of the witnesses who testified that Turner was part of the conspiracy rather than on the sufficiency of the Government's evidence. Given that a substantial part of the Government's evidence to support Turner's involvement in the conspiracy came from cooperating witnesses – specifically Joe Lenzie Turner and Jerriereneika Dorsey – the Court finds that counsel's decision to pursue the credibility of witnesses was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in Strickland, should not be second-guessed. See Evitts v. Lucey, 469 U.S. 387, 382 (1985) (Appellate counsel does not have a duty "to advance every argument, regardless of merit, urged by the defendant."); United States v. Brown, 528 F.3d

1030, 1033 (8th Cir. 2008) (Absent contrary evidence, the failure to raise a claim is assumed to be an exercise of "sound appellate strategy.").

To show that his attorney was deficient in failing to raise the claim on appeal, Turner must show a reasonable likelihood that, but for his attorney's error, the result on appeal would have been different. Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996) (citing Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987)). This Turner has failed to do. Thus, in light of the discretion afforded to appellate counsel in selecting those issues most promising for review, and Turner's failure to demonstrate that these other issues would have been viable on appeal, the Court finds that counsel's performance was not deficient and that Turner has not demonstrated prejudice. Ground Three will be denied.

**Ground Four**

In Ground Four, Turner first claims his counsel was ineffective for failing to raise the lack of an instruction on multiple conspiracies. Turner states he was originally charged with conspiracy to distribute cocaine, and that in the superseding indictment, he was charged with conspiring to possess cocaine with intent to distribute, which he contends was an entirely different conspiracy with a different objective. (Doc. No. 27-1 at 18).

A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement. United States v. Delgado, 653 F.3d 729, 735 (8th Cir. 2011); United States v. Smith, 450 F.3d 856, 860 (8th Cir. 2006). "[A] single overall conspiracy can be made up of a number of separate transactions and of a number of groups involved in separate crimes or acts." United States v. McGilberry, 620 F.3d 880, 885 (8th Cir. 2010). "That various conspirators join at different times, change roles, or depart from the conspiracy does not convert a single conspiracy into multiple ones." United States v. Maza, 93 F.3d 1390, 1398 (8th Cir. 1996). "A

single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." United States v. Slagg, 651 F.3d 832, 840 (8th Cir. 2011).

To determine whether there are one or more conspiracies, the Court considers factors such as "the nature of the activities, the location where the alleged events of the conspiracy occurred, the identity of the co-conspirators, and the time frame." United States v. Cubillos, 474 F.3d 1114, 118 (8th Cir. 2007) (quoting United States v. Burns, 432 F.3d 856, 863 (8th Cir. 2005)). Here, there were no allegations of a separate conspiracy with a separate purpose, separate activities, or separate locations; the evidence supported the Government's theory of the case that Joe Lenzie Turner, along with several of his friends and family members, including Donald Turner, Jr., were involved in a conspiracy to distribute both powder and crack cocaine in and around the Sikeston area. Turner, 781 F.3d at 380-81. See United States v. Benford, 360 F.3d 913, 914 (8th Cir. 2004) (concluding a single conspiracy was proven when the evidence established a common goal to distribute cocaine in a particular area).

Accordingly, counsel was not ineffective for failing to request an instruction on multiple conspiracies when the evidence did not support such an instruction. Further, even if counsel was ineffective in failing to argue for the instruction, Turner has failed to show he was prejudiced given the overwhelming evidence against him. Therefore, Turner has failed to demonstrate that his attorney's decision not to seek an instruction on multiple conspiracies was anything other than a strategic decision on his part.

Turner also claims his counsel was ineffective for failing to raise the lack of a limiting instruction on co-conspirator liability. He contends that a limiting instruction that evidence relating

to other conspiracies and activities of others cannot be held against him would have prevented the jury from transferring liability associated with Jerrierenika Dorsey, Joe Turner, and others to him.

As discussed above, the evidence did not support multiple conspiracies, but instead pointed to a single conspiracy. It is well established that a co-conspirator may be held vicariously liable for the reasonably foreseeable substantive offenses committed by other co-conspirators in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640 (1946); United States v. Navarrete-Barron, 192 F.3d 786, 792 (8th Cir. 1999). Moreover, as the Government points out, the jury was properly instructed on co-conspirator liability:

> The quantity of controlled substances involved in the agreement or understanding includes the controlled substances the defendant, Donald R. Turner, Jr., possessed for personal use or distributed or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the defendant.

(Jury Instruction No. 26, Case No. 1:11CR00103-JAR-8, Doc. No. 1059 at 30-31). For these reasons, Ground Four will be denied.

**Ground Five**

In Ground Five, Turner alleges his counsel was ineffective for failing to address alleged perjury by Detective Sullivan. Turner's allegations concern statements made by Detective Sullivan while setting the background for the events of March 11, 2011, when Turner distributed cocaine to his cousin Toby Turner. Essentially, Turner asserts that Detective Sullivan had no direct knowledge of or personal involvement in the events about which he testified, relying instead on his review of a police report prepared by another officer.

Turner offers no evidence that Detective Sullivan's statements were materially untrue. In any event, any inaccuracies in Detective Sullivan's testimony did not prejudice Turner given Toby

Turner's testimony about the March 11, 2011 transaction, and identification of the recorded phone call with Turner setting up the deal, video recording of the actual transaction, and still photograph of Turner handing Toby Turner the quarter ounce of crack cocaine. In addition, Turner's counsel vigorously cross-examined both Detective Sullivan and Toby Turner. For these reasons, Turner's claim is without merit. Ground Five will be denied.

**Ground Six**

In Ground Six, Turner alleges his counsel was ineffective for failing to raise "viable issues" on appeal, namely that the evidence was insufficient to convict him on Counts IV and VI. Appellate counsel does not have a duty "to advance every argument, regardless of merit, urged by the defendant." Evitts, 469 U.S. at 382. To show his attorney was deficient in failing to raise issues on appeal, Turner must show a reasonable likelihood that, but for his attorney's error, the result on appeal would have been different. Id. (citing Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987)). Absent contrary evidence, the failure to raise a claim is assumed to be an exercise of "sound appellate strategy." United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal citation omitted).

Turner's counsel filed a substantive brief on appeal raising several arguably meritorious claims. Turner faces a high hurdle in demonstrating that counsel's decision not to raise other claims in addition or instead was ineffective, particularly given the overwhelming evidence of his guilt. As discussed above, Turner has not succeeded in doing so. Ground Six will be denied.

**Ground Seven**

Turner argues that his trial counsel was ineffective for failing to call his co-defendant David Turner to testify for the defense. Turner claims David Turner would have refuted the informant's assertion that Turner left the cocaine with David Turner to distribute. "The decision not to call a

witness is a 'virtually unchallengeable' decision of trial strategy." <u>United States v. Staples</u>, 410 F.3d 484, 488 (8th Cir. 2005) (citation omitted). Furthermore, there is generally a considerable risk associated with calling co-defendants to testify because if a witness does not hold up well on cross-examination, jurors might draw unfavorable inferences against the party calling him. <u>Id</u>. at 489.

Here, David Turner pled guilty and signed a written plea agreement admitting his involvement in a conspiracy with Turner. Counsel's strategic decision not to call David Turner was reasonable because David Turner would have faced a vigorous cross-examination, and there is a significant possibility that he would not have held up well in light of his plea agreement. Thus, the Court concludes that trial counsel was not ineffective for failing to call David Turner as a witness in Turner's case.

Turner further argues his trial counsel was ineffective for failing to request a Pinkerton instruction to clarify co-conspirator liability for the jury. In <u>Pinkerton</u>, 328 U.S. 640, the Supreme Court ruled that a co-conspirator may be held vicariously liable for the reasonably foreseeable substantive offenses committed by other co-conspirators in furtherance of the conspiracy. Turner argues he was incarcerated in state prison during some of the relevant time period and thus had no knowledge of the acts of others committed prior to his release or during the conspiracy and did not benefit from them. This argument is without merit. As discussed above in Section III. D., a conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions. <u>Slagg</u>, 651 F.3d at 840. In any event, the Court has found that the jury was properly instructed on co-conspirator liability. Ground Seven will be denied.

**Ground Eight**

In Ground Eight, Turner asserts he was "erroneously classified as a recidivist offender under 21 U.S.C. § 841's recidivist clause …" Turner argues that Congress intended to restrict the recidivist provisions of the Controlled Substances Act, 21 U.S.C. § 812, to drug trafficking crimes under federal law, and that his sentence was improperly enhanced based on his Missouri state convictions.

Because Turner failed to raise this claim during his trial or on direct appeal, it is procedurally barred. Turner objected at sentencing, not to his classification as a recidivist for purposes of § 841, but rather to the § 851 notice on the grounds that there was a clerical error. (Sentencing Tr., Doc. No. 1218 at 33). In fact, Turner stipulated at trial to the convictions used to enhance his sentence. See Turner, 781 F.3d at 394-95. "Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, United States v. Frady, 456 U.S. 152, 167–68 (1982), or showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." Ramey v. United States, 8 F.3d 1313 (8th Cir. 1993); United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988).[5]

Even if Turner's claim was not procedurally barred, it would fail on the merits. See, e.g., Lopez v. Gonzales, 549 U.S. 47, 60 (2006) ("[A] state offense constitutes a 'felony punishable under the Controlled Substances Act" … if it proscribes conduct punishable as a felony under that federal law."). Here, at least four of Turner's prior state felony drug convictions constitute drug trafficking crimes under federal law: Possession of Cocaine with Intent to Sell (PSR at ¶ 59); Possession of Crack Cocaine with Intent to Sell (PSR at ¶ 60); Delivery of Crack Cocaine (PSR at ¶ 63); and Distribution of Cocaine Base (PSR at ¶ 67).

---

[5] To the extent Turner attempts to overcome the procedural default by claiming he is actually innocent, as discussed infra, such attempt fails, as the evidence of his guilt was overwhelming.

Turner also argues that his prior convictions do not qualify as controlled substance offenses under the Guidelines because Missouri defines "controlled substance" more broadly than federal law. This argument is foreclosed by <u>Martinez v. Sessions</u>, 893 F.3d 1067 (8th Cir. 2018), cert. denied, 139 S. Ct. 1198 (2019), and <u>Bueno-Muela v. Sessions</u>, 893 F.3d 1073 (8th Cir. 2018), cert. denied, 139 S. Ct. 1198 (2019). In those cases, the Eighth Circuit held that the various controlled substances listed within Missouri's statutory definition of "controlled substance" are separate elements of Missouri drug offenses, and therefore that a Missouri drug offense conviction qualifies as a controlled substance offense as long as the defendant's conviction was based on a substance that is also a controlled substance under federal law. <u>See</u> <u>Martinez</u>, 893 F.3d at 1070–73; <u>Bueno-Muela</u>, 893 F.3d at 1074–76. Turner's convictions were based on either cocaine or cocaine base. The distribution of both these controlled substances is prohibited under 21 U.S.C. § 841.

For these reasons, Ground Eight will be denied.

**Grounds Nine and Ten**

The nature of Turner's supplemental grounds for relief is not entirely clear. Although he frames them as claims of actual innocence, Turner is essentially arguing that his sentence is invalid because it was imposed without a finding of a "mixture or substance" as required under § 841 (b)(1)(A)(iii). (Doc. Nos 30-1 at 5; Doc. No. 35 at 5). To the extent Turner is challenging the sufficiency of the evidence to support his conviction, the Court agrees with the Government that the claims should be denied. First, Turner did not appeal the sufficiency of the evidence as it related to his charges and, therefore, the claims are procedurally defaulted. Second, a review of the trial transcript shows that ample evidence supports Turner's convictions. There is no merit in this claim.

To the extent Turner is asserting claims of actual innocence, those claims also fail. In the federal habeas context, "actual innocence" can refer to either a "gateway claim" or a "freestanding

claim." See Nash v. Russell, 807 F.3d 892, 898-99 (8th Cir. 2015). A gateway claim is a means by which a prisoner can obtain federal review of a procedurally defaulted claim. Id. To establish a gateway claim of actual innocence, a petitioner must satisfy a two-part test. Id. First, "the 'allegations of constitutional error must be supported with new reliable evidence not available at trial.'" Id. at 899 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). Second, the petitioner must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. The Eighth Circuit has found that "evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." Foster v. Cassady, No. 4:15CV225-CAS-SPM, 2018 WL 1215319, at *4 (E.D. Mo. Feb. 5, 2018) (quoting Amrine, 238 F.3d at 1029).

As for a freestanding claim of actual innocence, the Eighth Circuit has expressed uncertainty as to whether a petitioner may assert such a claim in a habeas petition, noting that "[t]he Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error." Dansby v. Hobbs, 766 F.3d 809, 816 (8th Cir. 2014) (citing House v. Bell, 547 U.S. 518, 554–55 (2006)). However, the Eighth Circuit went on to explain that, if such a freestanding actual innocence claim did exist, the threshold would be "extraordinarily high," id. at 816 (quoting Herrera v. Collins, 506 U.S. 390, 417 (1993)), and "would require 'more convincing proof' than the 'gateway' standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence," id. (quoting House, 547 U.S. at 555).

Turner has not alleged the facts necessary to establish actual innocence either as a gateway claim or a freestanding claim of actual innocence, assuming the latter were recognized, particularly given the overwhelming evidence against him. Turner does not allege that he has discovered any

new evidence of his innocence, or that any of that evidence was not available at trial. Further, as was stated previously, there was overwhelming evidence of Turner's guilt in this case. Turner's supplemental grounds for relief will be denied.

On March 19, 2020, Turner filed a reply to the Government's response (Doc. No. 36) which the Court has reviewed and considered. The Court finds Turner's reply does not change any of his claims or the conclusions reached by Court.

IV.     Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Movant Donald Turner Jr.'s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Movant Donald Turner Jr.'s amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [27] is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that because Turner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied,* 525 U.S. 834 (1998).

Dated this 20th day of March, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**