# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD R. TURNER, JR., | ) |
| Movant, | ) |
| v. | ) No. 1:16-CV-00268 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Donald Turner, Jr.'s Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 41). For the following reasons, the motion will be denied.[1] Movant has also filed an Objection to the Magistrate's Report and Recommendation, which appears to challenge the Court's decision to deny his § 2255 motion without an evidentiary hearing. (Doc. No. 42). There was no Report and Recommendation in this case; therefore, the objection is improper. In any event, Movant raises the same issue in his Rule 59(e) motion.

The factual and procedural background of this case is detailed in the Court's March 20, 2020 Order denying Movant's amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 37) and will not be repeated here. In his motion, Movant's grounds for relief generally alleged claims involving ineffective assistance of counsel. He also

---

[1] On June 15, 2020, Movant filed a Notice of Appeal. (Doc. No. 43). Normally, the filing of a notice of appeal divests the district court of control over the case. Smith v. Wallace, No. 1:14-CV-146-SNLJ, 2016 WL 6962817, at *1 (E.D. Mo. Nov. 29, 2016) (citing Liddell by Liddell v. Board of Educ. of City of St. Louis, 73 F.3d 819, 822 (8th Cir. 1996)). In the context of a Rule 60(b) motion (which is similar to a Rule 59(e) motion as is pending here), a district court may consider the motion "on the merits and deny it even if an appeal is already pending in this court" but a remand of the case is necessary if the district court decides to grant the motion. Id. (citing Hunter v. Underwood, 362 F.3d 468 (8th Cir. 2004)).

supplemented his amended motion with two additional grounds for relief based on claims of actual innocence.

This Court found that the record refuted Movant's allegations of ineffective assistance and that he was unable to show prejudice. With regard to Movant's claims of actual innocence, this Court concluded that to the extent he was challenging the sufficiency of the evidence to support his conviction, the claims were procedurally barred because he had not appealed the sufficiency of the evidence as it related to his charges. Moreover, there was ample evidence in the record supporting Movant's convictions. To the extent Movant was asserting claims of actual innocence, this Court found he had not alleged the facts necessary to establish actual innocence either as a gateway claim or a freestanding claim of actual innocence, particularly given the overwhelming evidence against him. This Court denied Movant's § 2255 Motion, dismissed all of his claims with prejudice, and denied Movant a certificate of appealability on March 20, 2020. (Doc. No. 37, 38). After the Court granted Movant an extension of time, Movant filed his motion to alter or amend judgment on April 30, 2020. (Doc Nos. 40, 41).

The Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been

2

offered or raised prior to entry of judgment." Id. (quoting Innovative Home Health Care, 141 F.3d at 1286). In order to prevail on a Rule 59(e) motion, "the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." Id. (citing U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003)).

In the instant motion, Movant asserts that "the Court committed a clear error of law or fact … by denying [him] relief based on conclusions that are contrary to established Supreme Court precedent, Eighth Circuit precedent, and the Constitution of the United States." (Doc. No. 41 at 2). Movant then essentially restates the arguments thoroughly considered and rejected by this Court in its previous consideration of Movant's § 2255 motion. Movant has produced no "newly discovered evidence," and shown no manifest error of law or fact. Metropolitan St. Louis Sewer Dist., 440 F.3d at 933. The Court finds no basis under Rule 59(e) to alter or amend its Judgment denying Movant's § 2255 motion without an evidentiary hearing, or its refusal to issue a certificate of appealability. The Court will, therefore, deny Movant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Donald Turner, Jr.'s Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [41] is **DENIED.**

**IT IS FURTHER ORDERED** that Movant Donald Turner, Jr.'s Objection to the Magistrate's Report and Recommendation [42] is **OVERRULED** as improper.

Dated this 22nd day of June, 2020.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**